UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERTO DURAND,

Petitioner,

v.

DAVID DRUMMOND, *et al.*,

Respondents.

Case No. 3:19-cv-00763-MMD-WGC

ORDER

This action is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 brought by Roberto Durand, a Nevada prisoner. Durand initiated this action on December 26, 2019, by filing an application to proceed *in forma pauperis* (ECF No. 1), along with his habeas corpus petition (attached to application to proceed *in forma pauperis*).

The financial information provided with Durand's application to proceed *in forma pauperis* indicates that he is unable to pay the filing fee for this action. Therefore, the *in forma pauperis* application will be granted, and he will not be required to pay the filing fee.

Reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, the Court notes that it indicates December 19, 2011, as the date of Durand's judgment of conviction. The Court also takes judicial notice of the Nevada Supreme Court's denial of Durand's direct appeal, which occurred on September 13, 2012. *See Durand v. State*, 381 P.3d 609 (Nev. 2012). Lastly, it does not appear that Durand properly filed a state post-conviction proceeding after his conviction became final on December 12, 2012. *See* Eighth Judicial District Court Portal, Case No. C-11-273021-1, https://www.clarkcountycourts.us/portal (last visited Dec. 30, 2019).

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within

the one-year limitation period in 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." So, in the present case, the limitation period began running 90 days from the date the Nevada Supreme Court decided Durand's direct appeal, i.e., December 12, 2012. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir.1999) (holding that, when no petition for *certiorari* to the United States Supreme Court is filed, direct review is considered to be final 90 days after the decision of the state's highest court). Absent tolling or delayed accrual, the limitation period expired one year later on December 12, 2013.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414 (citation omitted). Also, once a state post-conviction proceeding pursuant a properly filed application has concluded, the statutory time period resumes running.

It appears that the federal limitation period for Durand expired more than six years ago. Thus, before this action proceeds further, Durand must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, Durand is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the

exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In addition, under certain circumstances, the one-year limitation period may begin running on a later date or, as mentioned, may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B-D) & (d)(2). Barring a preliminary demonstration by Durand that his petition may be timely under the foregoing principals, this Court will dismiss the petition with prejudice. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("[D]ismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims.").

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner is granted leave to proceed *in forma pauperis*. Petitioner will not be required to pay the filing fee for this action.

It is further ordered that the Clerk of the Court will separately file the petition for writ of habeas corpus, which is currently attached to the *in forma pauperis* application at ECF No. 1.

It is further ordered that the Clerk will add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for Respondents, and electronically serve a copy of the petition and this order upon the Respondents.

It is further ordered that, within 30 days of entry of this order, Petitioner must show cause in writing why the petition should not be dismissed with prejudice as time barred.[1] If Petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time barred without further advance notice. If Petitioner responds but fails to

---

[1] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

3

1 show–with specific, detailed and competent evidence–that the petition is timely, the action
2 will be dismissed with prejudice.

3 It is further ordered that all assertions of fact made by Petitioner in response to this
4 show cause order must be detailed, must be specific as to time and place, and must be
5 supported by competent evidence. The Court will not consider any assertions of fact that
6 are not specific as to time and place, that are not made pursuant to a declaration under
7 penalty of perjury based upon personal knowledge, and/or that are not supported by
8 competent evidence filed by Petitioner in the federal record. Petitioner must attach copies
9 of all materials upon which he bases his argument that the petition should not be dismissed
10 as untimely. Unsupported assertions of fact will be disregarded.

11 It is further ordered that the Respondents' counsel must enter a notice of
12 appearance within 20 days of the entry of this order but need take no further action in the
13 case unless and until the Court so orders.

14 DATED THIS 2nd day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE