UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　　　　　Petitioner,<br>　v.<br><br>DAVID DRUMMOND, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:19-cv-00763-MMD-WGC<br><br>ORDER |

On January 2, 2020, this Court entered an order directing Petitioner Roberto Durand to show cause to why this federal habeas proceeding under 28 U.S.C. § 2254 should not be dismissed as untimely under 28 U.S.C. § 2244(d). (ECF No. 3.) The Court noted that the Nevada Supreme Court denied Petitioner's direct appeal in 2012 and that it did not appear that Petitioner properly filed a state post-conviction proceeding after his conviction became final on December 12, 2012. (*Id.*) In responding to the order to show cause (ECF No. 7), Petitioner has failed to demonstrate that this proceeding was timely filed. Accordingly, his habeas petition will be dismissed with prejudice.

With his response, Petitioner does not dispute that his one-year statutory period commenced on December 12, 2012. He does not claim or provide any evidence that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Instead it appears as if he claims he is entitled to statutory tolling due to circumstances that prevented his timely filing. (ECF No. 7 at 2-3.)

Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999),

and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner asserts that his efforts at properly seeking state court relief were thwarted by his confinement in administrative segregation, his lack of legal knowledge, and his inability to obtain legal assistance from an attorney or paralegals. As a Nevada prisoner not sentenced to death, however, Petitioner has no constitutional or statutory right to counsel for state post-conviction proceedings. *See Brown v. McDaniel*, 331 P.3d 867, 870 (Nev. 2014). Likewise, Petitioner's ignorance of the law is not an "extraordinary circumstance" that warrants equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (petitioner's ignorance of the law and inability to correctly calculate the limitations period did not provide grounds for equitable tolling); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (petitioner's confusion or ignorance of the law is not an extraordinary circumstance for equitable tolling). Lastly, his alleged lack of access to legal resources or assistance, while in lockdown or otherwise, does not qualify either. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that petitioner's stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because it was neither "extraordinary" nor did it make it "impossible" for him to file his petition in a timely manner); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualifies as grounds for equitable tolling); *Jackson v. Del Papa*, 91 F. App'x. 592, 593 (9th Cir. 2004) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (holding that incompetence of an inmate law clerk did not create "extraordinary circumstances" warranting equitable tolling)).

1      In the absence of a showing of statutory or equitable tolling, or the applicability of
2 an alternative triggering date, the federal limitation period for Petitioner expired more than
3 six years prior to the filing of this federal proceeding.
4      It is therefore ordered that the petition for writ of habeas corpus (ECF No. 4) is
5 dismissed with prejudice as untimely.
6      It is further ordered that a certificate of appealability is denied, as jurists of reason
7 would not find the Court's dismissal to be debatable or incorrect.
8      It is further ordered that Petitioner's motion for appointment counsel (ECF No. 6)
9 and motion for entry of default (ECF No. 8) are denied as moot.
10     The Clerk of the Court is directed to enter judgment accordingly and close this case.
11     DATED THIS 12th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE